UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | |
| v. ) | Criminal No. |
| ) | 03-40017-FDS |
| NADINE WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO REDUCE SENTENCE

**SAYLOR, J.**

Defendant Nadine Williams pleaded guilty in 2005 to drug and firearm charges and was sentenced to a term of imprisonment. Defendant now seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the retroactive amendment of the sentencing guidelines concerning crack cocaine. For the reasons stated below, the motion will be denied.

**I.     Background**

On February 16, 2005, defendant pleaded guilty to an indictment charging her with three counts: (1) conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. § 846 (Count 1); (2) possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a) (Count 2); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3 ). Counts 1 and 2 alleged that the offenses involved 50 or more grams of a mixture containing cocaine base, also known as crack cocaine. She was subject to a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) of 10 years' imprisonment, and a consecutive mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A)

of 5 years' imprisonment. Because of the operation of the mandatory minimums, the low end of her guideline range was 180 months.

On August 23, 2005, this Court conducted a sentencing hearing. The Court determined that she was safety-valve eligible under 18 U.S.C. § 3553(f) and U.S.S.G. § 5K1.1, and sentenced her to a term of imprisonment of 108 months, consisting of concurrent terms of 48 months on the drug charges and a consecutive term of 60 months on the firearm charge, with a five-year term of supervised release. The sentence was a 40% reduction of the otherwise-applicable mandatory minimums.

Defendant has moved to modify her sentence pursuant to 18 U.S.C. §3582(c)(2), in accordance with the retroactive amended sentencing guidelines for crack cocaine.

**II.     Analysis**

It is highly doubtful whether defendant is eligible for a modification of her sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Defendant's sentence was not based on the crack cocaine guideline, U.S.S.G. § 2D1.1, which has been amended, but on two mandatory minimum sentences that were reduced by operation of the safety valve. Where a defendant is subject to a statutory mandatory minimum sentence, the passage of a retroactive guideline amendment is irrelevant. *United States v. Dimeo*, 28 F.3d 240, 241 (1st Cir. 1994); *see United States v. Ganun*, 547 F.3d 46 (1st Cir. 2008).

In any event, to the extent the Court has the legal power to reduce her sentence, it declines to do so. The sentence was imposed without regard to the guidelines for crack cocaine, (except insofar as the guideline sentence was driven by the mandatory minimum sentence). As the guideline did not affect the sentence in the first instance, the modification of the guideline

likewise would have no effect.  The motion to reduce sentence will therefore be denied.

### III.     Conclusion

For the foregoing reasons, defendant's motion to reduce sentence is DENIED.

**So Ordered.**

 /s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  July 17, 2009